IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA MULDER,<br><br>        Plaintiff,<br><br>v.<br><br>MENARD, INC. d/b/a MENARDS,<br><br>        Defendant. | Case No.: 1:25-cv 7421<br><br>Removed from the Circuit Court of Cook County, Illinois, Case No. 2025L008092 |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant, MENARD, INC. d/b/a MENARDS, by and through undersigned counsel, hereby removes the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

**I. BACKGROUND**

1. On June 25, 2025, Plaintiff, PATRICIA MULDER, initiated this civil lawsuit in the Circuit Court of Cook County, Illinois, case no. 2025L008092 (the "State Court Action") by filing a Complaint against Defendant for injuries she sustained while exiting a moving walkway at a Menards home improvement store in Bridgeview, Illinois. *See* Summons and Complaint attached hereto as Exhibit 1.

2. On June 26, 2025, Plaintiff served Defendant with the Summons and Complaint.

3. As required by 28 U.S.C. § 1446(a), filed herewith are copies of all process, pleadings, and orders that were served upon Defendant.

1

## II. REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1332(a)

### A. Standard for Removal

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which confers original jurisdiction on a district court for "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a)(1).

5. A party to a civil action brought in state court may remove that action to federal court if the district court would have original jurisdiction at the time of both commencement of the action and removal.  *See* 28 U.S.C. § 1441(a).

6. To remove a case from a state court to federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

7. By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

8. Accordingly, courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading.  *Id*.

### B. There is Complete Diversity of Citizenship

9. Plaintiff's last known address is 9029 W. 111th Street, Apt. 2B, Palos Hills, Illinois, 60465-3138.  *See* Exhibit 3.

10. The following motor vehicle is registered at the above address in Plaintiff's name: a 2018 Jeep Cherokee (VIN: 1C4PJLCB0JD616057).  *See* Exhibit 4.

11. Plaintiff is registered to vote in Illinois at the above address.  *See* Exhibit 5.

12. In sum, Plaintiff is domiciled in and is a citizen of Illinois.

13. The federal diversity statute provides that "a corporation shall be deemed a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

14. Defendant is a Wisconsin corporation with its principal place of business in Eau Claire, Wisconsin. *See* Exhibit 2.

15. Accordingly, Defendant is a citizen of Wisconsin.

16. Hence, the parties are diverse in the case at bar.

### C. The Amount in Controversy Requirement is Satisfied

17. When diversity of parties exists, the district courts shall have original jurisdiction where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1).

18. When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. 28 U.S.C. § 1446(c)(2)(A).

19. The removing party has the initial burden of establishing the jurisdictional minimum by a preponderance of the evidence. *Majchrzak by & through Majchrzak v. Gap, Inc.*, 2018 WL 2220292, at *3-*4 (N.D. Ill. 2018) (holding Defendants satisfied their burden and showed the amount in controversy by a preponderance of the evidence simply by quoting the unspecified serious injuries and broad damages of the Complaint). This burden "is a pleading requirement, not a demand for proof." *Wragge v. Boeing Company*, 532 F. Supp. 3d 616, 623 (N.D. Ill. 2021) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). The removing party's burden is not that high. *Majchrzak, Inc.*, 2018 WL 2220292, at * 4. "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id*. (citation omitted).

20. The Court should apply reason and common sense to the Complaint to determine the amount in controversy. *Id*. "[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount." *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002).

21. In the present matter, Plaintiff alleges that she "suffered severe and permanent injuries, both internally and externally." *See* Exhibit 1 at ¶¶ 26, 31.

22. Plaintiff further alleges that she "experienced physical pain, mental suffering, emotional distress, disability, disfigurement, loss of normal life, lost income, and has incurred legal obligations for medical and therapy bills, all of which injuries, conditions, and damages are permanent in nature." *See id.* at ¶ 21.

23. Plaintiff further alleges that she "has suffered and will continue to suffer great pain and mental anguish and loss of a normal life . . . has incurred and will in the future incur reasonable and necessary medical expenses in endearing to treat of said injuries . . . has and will suffer from disability and disfigurement, and has otherwise been damaged in a pecuniary way." S*ee id.* at ¶¶ 26, 31.

24. Furthermore, Plaintiff is seeking damages in excess of at least $50,000. *See* Exhibit 1*.*

25. Accordingly, the nature of Plaintiff's claimed injuries and damages makes clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### D. Defendant Timely Filed its Notice of Removal

26. The notice of removal shall be filed "within 30 days after the service of summons upon the defendant[.]" 28 U.S.C. § 1446(b)(1).

27. Here, Defendant was served with the Summons and Complaint on June 26, 2025. Defendant timely filed its notice of removal on July 2, 2025.

28. As required by 28 U.S.C. § 1446(d), Defense counsel is providing written notice of the filing of this Notice of Removal to Plaintiff's counsel and is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

### E. Removal to United States District Court for the Northern District of Illinois, Eastern Division is Proper.

29. This action is properly removed to the United States District Court for the Northern District of Illinois, Eastern Division, which is the "district and division embracing the place where [the] action is pending," as Plaintiff's cause of action arose in Cook County. 28 U.S.C. § 1441(a).

WHEREFORE, Defendant, MENARD, INC., a foreign corporation, d/b/a MENARDS, respectfully requests that this Honorable Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois, and for any other relief this Court deems appropriate.

DATED: July 2, 2025                                       Respectfully submitted,

**MENARD, INC. d/b/a MENARDS**

By: */s/ W. Anthony Andrews*

W. Anthony Andrews
Quinn W. Crowley
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 N. Naper Blvd.
Suite 350
Naperville, IL 60563
630-682-0085
wandrews@ottosenlaw.com
qcrowley@ottosenlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

Isabella Mazzanti
Romanucci & Blandin, LLC.
321 N. Clark St., Suite 900
Chicago, IL 60654
imazzanti@rblaw.net

*/s/ W. Anthony Andrews*