IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA MULDER,<br><br>                              Plaintiff,<br><br>v.<br><br>MENARD, INC., a foreign corporation, d/b/a MENARDS,<br><br>                            Defendant. | Case No.: 1:25-cv-07421<br><br>Removed from the Circuit Court of Cook County, Case No. 2025L008092 |

### ANSWER TO COMPLAINT

Defendant, MENARD, INC., a foreign corporation, d/b/a MENARDS, by and through its undersigned counsel, hereby answers Plaintiff, PATRICIA MULDER's Complaint as follows:

### PARTIES AND JURISDICTION

1. On and before July 22, 2024, Plaintiff PATRICIA MULDER was a resident of Cook County, Illinois.

**ANSWER:** Defendant, Menard, Inc., **admits** the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. On and before July 22, 2024, Defendant MENARD INC., d/b/a MENARDS (hereinafter "MENARDS") was organized under the laws of the State of Wisconsin and was an incorporation that transacted business throughout the United States, including in Cook County, Illinois.

**ANSWER:** Defendant, Menard, Inc., **admits** the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. On and before July 22, 2024, Defendant MENARDS owned a store located at 9140 South Harlem Avenue, Bridgeview, Illinois, 60455.

**ANSWER:** Defendant, Menard, Inc., **admits** that Menard, Inc. owned said store.

4. Pursuant to the Illinois Code of Civil Procedure and the Rules of the Illinois Supreme Court, this matter is properly before the Circuit Court of Cook County, Illinois, because the conduct complained of herein occurred in Cook County, Illinois.

**ANSWER:** Defendant, Menard, Inc., **denies** the allegations contained in Paragraph 4 of Plaintiff's Complaint because the matter has been removed to the United States District Court for the Northern District of Illinois, Eastern Division.

## COMMON ALLEGATIONS

5. On July 22, 2024, and at all times relevant herein, there existed a retail store licensed to do business at 9140 South Harlem Avenue, Bridgeview, IL 60455, Cook County, State of Illinois, commonly known as "Menards".

**ANSWER:** Defendant, Menard, Inc., **admits** the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. On July 22, 2024, and at all times relevant herein, Defendant MENARDS was doing business at 9140 South Harlem Avenue, Bridgeview, IL 60455, Cook County, State of Illinois.

**ANSWER:** Defendant, Menard, Inc., **admits** that Menard, Inc. was doing business at said location.

7. On July 22, 2024, and at all times relevant herein, Defendant MENARDS owned the premises located at 9140 South Harlem Avenue, Bridgeview, IL 60455, Cook County, State of Illinois.

**ANSWER:** Defendant, Menard, Inc., **admits** it owned said location.

8. On July 22, 2024, and at all times relevant herein, Defendant MENARDS operated the premises located at 9140 South Harlem Avenue, Bridgeview, IL 60455, Cook County, State of Illinois.

**ANSWER:** Defendant, Menard, Inc., **admits** it operated said location.

9. On July 22, 2024, and at all times relevant herein, Defendant MENARDS managed the premises located at 9140 South Harlem Avenue, Bridgeview, IL 60455, Cook County, State of Illinois.

**ANSWER:** Defendant, Menard, Inc., **admits** it managed said location.

10. On July 22, 2024, and at all times relevant herein, Defendant MENARDS maintained the premises located at 9140 South Harlem Avenue, Bridgeview, IL 60455, Cook County, State of Illinois.

**ANSWER:** Defendant, Menard, Inc., **admits** it maintained said location.

11. On July 22, 2024, and at all times relevant herein, Defendant MENARDS controlled the premises located at 9140 South Harlem Avenue, Bridgeview, IL 60455, Cook County, State of Illinois.

**ANSWER:** Defendant, Menard, Inc., **denies** the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. On July 22, 2024, and at all times relevant herein, the Menards located at 9140 South Harlem Avenue, Bridgeview, IL 60455, Cook County, State of Illinois was open for business to the general public.

**ANSWER:** Defendant, Menard, Inc., **admits** the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. On July 22, 2024, and at all times relevant herein, there existed an uneven, broken, and/or otherwise defective descending moving walkway at the Menards located [sic] 9140 South Harlem Avenue, Bridgeview, IL 60455, Cook County, State of Illinois.

**ANSWER:** Defendant, Menard, Inc., **denies** the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. On July 22, 2024, and at all times relevant herein, said uneven, broken, and/or otherwise defective descending moving walkway existed at 9140 South Harlem Avenue, Bridgeview, IL 60455, Cook County, State of Illinois, and was used by people on the property.

**ANSWER:** Defendant, Menard, Inc., **denies** the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. At no time on July 22, 2024, did an employee, agent, and/or servant of Defendant MENARDS warn people on the property of said defective descending moving walkway.

**ANSWER:** Defendant, Menard, Inc., **denies** the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. At no time on July 22, 2024, did an employee, agent, and/or servant of Defendant MENARDS place warning signs near said defective descending moving walkway.

**ANSWER:** Defendant, Menard, Inc., **denies** the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. At no time on July 22, 2024, did an employee, agent, and/or servant of Defendant MENARDS place barricades near said defective descending moving walkway to prevent customers from harm.

**ANSWER:** Defendant, Menard, Inc., **denies** that the descending moving walkway was defective, and therefore, no barricades were placed near the walkway.

18. On July 22, 2024, 85-year-old Plaintiff PATRICIA MULDER was shopping at the Menards located 9140 South Harlem Avenue, Bridgeview, IL 60455, Cook County, State of Illinois.

**ANSWER:** Defendant, Menard, Inc., **admits** the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. On July 22, 2024, Plaintiff PATRICIA MULDER was on said defective descending moving walkway traveling to the first floor of the premises when her shopping cart suddenly got stuck and/or stopped moving on the walkway.

**ANSWER:** Defendant, Menard, Inc., **admits** that Plaintiff traveled to the first floor on the descending moving walkway, but **denies** all remaining allegations in Paragraph 19 of Plaintiff's Complaint, including the allegation that the walkway was defective.

20. On July 22, 2024, Plaintiff PATRICIA MULDER was violently pulled underneath her shopping cart then subsequently thrown forward when said defective descending moving walkway continued in a forward motion while her shopping cart remained stagnant and/or stuck.

**ANSWER:** Defendant, Menard, Inc., **denies** the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. As a direct and proximate result of the uneven, broken, and/or otherwise defective descending moving walkway at the Menards located [sic] 9140 South Harlem Avenue,

Bridgeview, IL 60455, Cook County, State of Illinois Plaintiff PATRICIA MULDER sustained severe and permanent injuries, experienced physical pain, mental suffering, emotional distress, disability, disfigurement, loss of normal life, lost income, and has incurred legal obligations for medical and therapy bills, all of which injuries, conditions, and damages are permanent in nature.

>**ANSWER:** Defendant, Menard, Inc., **denies** the allegations contained in Paragraph 21 of Plaintiff's Complaint.

### COUNT I—NEGLIGENCE
### PATRICIA MULDER v MENARD INC., d/b/a/ MENARDS

22. Plaintiff PATRICIA MULDER incorporates by reference paragraphs 1 – 21 as if full stated herein.

>**ANSWER:** Defendant, Menard, Inc., **re-asserts and adopts** its answers to Paragraphs 1 through 21 as its answer to Paragraph 22 of Plaintiff's Complaint.

23. It was the duty of Defendant MENARDS, before and at the time of the occurrence, to use ordinary care for the safety of the Plaintiff.

>**ANSWER:** Defendant, Menard, Inc., **admits** all duties imposed by law, but Defendant **denies** any allegations inconsistent therewith contained in Paragraph 23 of Plaintiff's Complaint.

24. Notwithstanding said duty, on the aforesaid date and at said place, Defendant MENARDS by and through its duly authorized agents, employees, and/or servants committed one or more of the following acts and/or omissions:

    a. Created the defective descending moving walkway;

    b. Did not direct customers around the defective descending moving walkway;

    c. Did not warn of the defective descending moving walkway; and/or

    d. Did not separate patrons from the defective descending moving walkway.

>**ANSWER:** Defendant, Menard, Inc., **denies** the allegations contained in Paragraph 24 of Plaintiff's Complaint, including subparagraphs (a) – (d).

25. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff PATRICIA MULDER sustained injuries of a personal and pecuniary nature.

**ANSWER:** Defendant, Menard, Inc., **denies** the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. As a further direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff PATRICIA MULDER suffered severe and permanent injuries, both internally and externally; and as a consequence thereof, Plaintiff has suffered and will continue to suffer great pain and mental anguish and loss of a normal life; that in addition thereto, Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses in endearing to treat of said injuries; and that Plaintiff has and will suffer from disability and disfigurement, and has otherwise been damaged in a pecuniary way.

**ANSWER:** Defendant, Menard, Inc., **denies** the allegations contained in Paragraph 26 of Plaintiff's Complaint.

**COUNT II – PREMISES**
**PATRICIA MULDER v MENARD INC., d/b/a MENARDS**

27. Plaintiff PATRICIA MULDER incorporates by reference paragraphs 1 – 21 as if full stated herein.

**ANSWER:** Defendant, Menard, Inc., **re-asserts and adopts** its answers to Paragraphs 1 through 21 as its answer to Paragraph 27 of Plaintiff's Complaint.

28. It was the duty of Defendant MENARDS as an owner and occupier of the property in question, to exercise ordinary care to see that the property was reasonably safe for the use of those lawfully on the property.

**ANSWER:** Defendant, Menard, Inc., **admits** all duties imposed by law, but Defendant **denies** any allegations inconsistent therewith contained in Paragraph 28 of Plaintiff's Complaint.

29. Notwithstanding said duty, Defendant MENARDS committed one or more of the following acts and/or omissions:

   a. Allowed a dangerous condition to exist on the premises by failing to take the appropriate steps to fix the defective descending moving walkway that they knew, or in the exercise of ordinary care, should have known would create a hazard to invitees and other persons, including Plaintiff, PATRICIA MULDER;

    b. Allowed a dangerous condition to exist by failing to take appropriate steps to ensure that invitees had a safe pathway onto multiple levels of the premises when they knew or, in the exercise of ordinary care, should have known that invitees and other patrons would be using said moving walkway and knew that it created a hazard for Plaintiff, PATRICIA MULDER;

    c. Failed to provide a reasonably safe pathway for invitees when they knew, or in the exercise of ordinary care, should have known that invitees and other persons would be using said moving walkway and knew that it was defective which created a hazard for Plaintiff, PATRICIA MULDER;

    d. Failed to properly warn and/or notify invitees of a dangerous condition present on the premises when they knew or, in the exercise of ordinary care, should have known that invitees or other persons would not have knowledge of said dangerous condition and knew that there was a defect which created a hazard for Plaintiff, PATRICIA MULDER;

    e. Failed to properly train employees and/or contractors on how to inspect and fix said defective descending moving walkway; and

    f. Failed to instruct employees, and contractors to properly and adequately maintain a descending moving walkway for use by invitees.

**ANSWER:** Defendant, Menard, Inc., **denies** the allegations contained in Paragraph 29 of Plaintiff's Complaint, including subparagraphs (a) – (f).

30. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff PATRICIA MULDER sustained injuries of a personal and pecuniary nature.

**ANSWER:** Defendant, Menard, Inc., **denies** the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. As a further direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff PATRICIA MULDER suffered severe and permanent injuries, both internally and externally; and as a consequence thereof, Plaintiff has suffered and will continue to suffer

7

great pain and mental anguish and loss of a normal life; that in addition thereto, Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses in endearing to treat of said injuries; and that Plaintiff has and will suffer from disability and disfigurement, and has otherwise been damaged in a pecuniary way.

**ANSWER:** Defendant, Menard, Inc., **denies** the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES
### (Contributory Negligence / Comparative Fault)

1. At all relevant times, it was the duty of Plaintiff, PATRICIA MULDER, to exercise reasonable care in using the moving walkway so as to avoid injury to herself and others at the store.

2. Plaintiff was warned to push her cart forward while exiting the moving walkway.

3. Plaintiff did not exercise due care and caution at all times set forth in the Complaint and was guilty of contributory negligence in the following respects:

    a. Failed to push her shopping cart forward while exiting the moving walkway;

    b. Failed to abide by the audio/visual warning signs instructing guests to continue pushing carts forward while exiting the moving walkway;

    c. Failed to continue walking forward while exiting the moving walkway; and

    d. Was otherwise careless and negligent in her use of the moving walkway.

4. As a direct and proximate result of one or more of the aforementioned acts or omissions, Plaintiff sustained injuries.

WHEREFORE, Defendant, MENARD, INC., a foreign corporation, d/b/a MENARDS, prays that this Honorable Court dismiss the Complaint of Plaintiff, PATRICIA MULDER, with prejudice, since Plaintiff's own negligence was the sole proximate cause of Plaintiff's alleged damages.

In the alternative, Defendant, MENARD, INC., a foreign corporation, d/b/a MENARDS, prays that this Honorable Court dismiss Plaintiff's Complaint with prejudice for the reason that

Plaintiff's own negligence was more than fifty percent (50%) of the total cause of Plaintiff's alleged damages.

In the alternative, Defendant, MENARD, INC., a foreign corporation, d/b/a MENARDS, prays that this Honorable Court reduce any judgment award in Plaintiff's favor by the proportion or amount by which Plaintiff's own negligence caused and/or contributed to Plaintiff's alleged damages.

DATED: July 9, 2025

Respectfully submitted,

**MENARD, INC., a foreign corporation, d/b/a MENARDS**

By: */s/ W. Anthony Andrews*

W. Anthony Andrews
Quinn W. Crowley
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 N. Naper Blvd.
Suite 350
Naperville, IL 60563
630-682-0085
wandrews@ottosenlaw.com
qcrowley@ottosenlaw.com