**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PATRICIA MULDER,<br><br>Plaintiff,<br><br>v.<br><br>MENARD, INC. d/b/a MENARDS,<br><br>Defendant. | Case No.: 1:25-cv-07421<br><br>Honorable Charles P. Kocoras<br><br>Honorable Albert Berry III<br>Magistrate Judge |

**DEFENDANT, MENARD, INC.'S PETITION FOR**
**RULE TO SHOW CAUSE AGAINST MONICA MILENA**

NOW COMES the Defendant, MENARD, INC., by and through its attorneys, and for its Petition for Rule to Show Cause against MONICA MILENA, states as follows:

1. On September 24, 2026, Defendant caused a subpoena to be duly issued pursuant to Federal Rule of Civil Procedure 45, commanding Monica Milena ("Milena"), to give a deposition on October 19, 2026 and produce records at deposition pertaining to the work she performed for the Plaintiff, including communications, contracts, invoices, checks, and receipts. **Exhibit A**. Plaintiff informed Defendant that Milena speaks Polish, and thus Defendant included a Polish translation with the subpoena and rider. *Id.*

2. Said subpoena was properly served upon Milena on October 4, 2026, as evidenced by the proof of service attached hereto as **Exhibit B**.

3. On approximately October 12, 2026, Defendant's counsel's office called Milena and left two voicemails in an attempt to confirm the deposition. No response was received.

4. On October 18, 2026, the Polish interpreter hired by Defendant for the deposition was able to make contact with Milena by phone. Milena stated that she would

be willing to appear for the deposition as scheduled via Zoom. At Milena's request, the deposition was converted to Zoom.

5. Counsel for both parties, the court reporter, and the Polish interpreter appeared on Zoom for the deposition on October 19, 2026 at 11:00 a.m. as scheduled. Milena failed to appear. The interpreter attempted to contact Milena by phone but was unsuccessful. The interpreter was able to contact Milena's mother by phone, and she stated that Milena was not answering her calls either. The deposition was ultimately cancelled after Milena failed to appear.

6. Despite proper service and the clear obligation under the subpoena, Milena has failed to sit for a deposition and produce the requested documents. She has also not moved to quash or modify the subpoena or otherwise seek relief from this Court.

7. Milena has not provided any justification for her noncompliance, nor has she communicated with Defendant's counsel regarding her failure to appear for the deposition.

8. The failure to appear for deposition and produce the requested records has prejudiced Defendant in the preparation of its defense in this matter, as Milena's testimony and the records are material and relevant to the claims asserted by Plaintiff.

9. Pursuant to Rule 45(g) of the Federal Rules of Civil Procedure, this Court has the authority to hold Milena in contempt for failing to obey a subpoena without adequate excuse.

WHEREFORE, Defendant, MENARD, INC., respectfully requests that this Court:

A. Issue a Rule to Show Cause ordering Monica Milena to appear before this Court and show cause as to why she should not be held in contempt for failing to comply with the subpoena;

B. Order Milena to provide her availability for deposition and produce the subpoenaed records;

C. Award Defendant its reasonable attorneys' fees and costs incurred in bringing this Petition; and

D. Grant such additional relief as the Court deems just and proper.

DATED: November 19, 2026

Respectfully submitted,

**MENARD, INC. d/b/a MENARDS**

By: *<u>/s/ Quinn W. Crowley</u>*

W. Anthony Andrews
Quinn W. Crowley
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
2441 Warrenville Road, Suite 310
Lisle, IL 60532
630-682-0085
wandrews@ottosenlaw.com
qcrowley@ottosenlaw.com